```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


DALE L. HELMIG,                 )
                                )
              Petitioner,       )
                                )
         v.                     )    No. 4:02 CV 574 DDN
                                )
MIKE KEMNA,                     )
                                )
              Respondent.       )
```

## MEMORANDUM AND ORDER

This matter is before the court on the motion of petitioner Dale Helmig for release from custody pending further proceedings. (Doc. 55.)

## Background

Petitioner Dale Helmig petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 26), and this court sustained petitioner's petition and vacated his conviction for first-degree murder. (Doc. 50.) Respondent filed a notice of appeal on October 21, 2005, and a motion to stay the writ of habeas corpus pending that appeal. (Docs. 53-54.) Respondent's motion for a stay of the proceedings pending appeal was sustained. (Doc. 57.)

Petitioner has moved for release from custody pending appeal (Doc. 55), arguing that release pending appeal is presumptively appropriate, that petitioner has no criminal history and he is not a danger to society. Petitioner asks this court to release him on his own recognizance pending his appeal.

Respondent argues that petitioner should not be released from custody with or without security, because respondent is likely to be successful on appeal, and the severe nature of the crime for which petitioner was convicted warrants he remain in custody. (Doc. 64.)

## Discussion

Federal Rule of Appellate Procedure 23(c) provides:

(c) Release Pending Review of Decision Ordering Release.
While a decision ordering the release of a prisoner is under

> review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). "Rule 23(c) undoubtedly creates a presumption of release from custody . . . ." Hilton v. Braunskill, 481 U.S. 770, 774 (1987). Such a presumption can be overcome if certain factors are present. Id. at 776. These factors include a possibility of flight, risk to the public, the state's interest in continuing custody, and the injury to petitioner if required to remain incarcerated. Id. at 777; Scott v. Jones, 688 F. Supp. 510, 534 (W.D. Mo. 1988).

Respondent has not overcome the presumption in favor of release. The court concludes that petitioner should be released upon a secured appearance bond, pending appeal.

There is a small risk that petitioner will endanger the community, if released. He was a model prisoner while incarcerated, having no conduct violations on his record for his entire incarceration of over nine years. He has no prior criminal history aside from the conviction from which this court granted habeas relief. While this court concluded that there was substantial evidence to support the conviction, there is no other evidence of a violent history that would make him a danger to the public.

There is a moderate risk that petitioner will flee if released. This risk is indicated by the possibility of future imprisonment for a long time, by either reversal of the habeas relief or upon future conviction after a retrial; the possibility of future lengthy imprisonment is a substantial inducement for flight. There are no other facts suggesting he is a flight risk. During his initial prosecution including trial, he was released for two years on bond and did not flee. He has family in the area, and has expressed he will live with his brother upon release. The state has not shown any interest in keeping him in custody apart from the first-degree murder conviction, which this court vacated. (Doc. 50.) His actions upon arrest for the murder

charge[1] are balanced by his good conduct in prison and his nonviolent behavior when released on bond awaiting trial for the murder.

In conclusion, any risk of flight or danger to the community by petitioner's release can be satisfied by a secured appearance bond in the amount of $100,000. The bond must be signed by petitioner and another individual as a surety approved by the court.

Therefore,

**IT IS HEREBY ORDERED** that the motion of petitioner for release from custody pending appeal is sustained. The petitioner is to be released from custody on a $100,000 secured appearance bond, with the surety being a person acceptable to the court, plus other non-financial conditions.

/s/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 1, 2005.

---

[1] At the time of his arrest for the murder, petitioner was found with a loaded rifle in his car and a knife taped to his leg. (Doc. 7 Ex. A-6.)